# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ADAM LAW,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT SPIVEY, et al.,<br><br>    Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:25-cv-00014<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

    This is a dispute about ownership and control of a company known as Dynasty Diagnostics LLC ("Dynasty").[1] According to Plaintiff Adam Law, he agreed in a Membership Unit Purchase Agreement (the "UPA") to convey all the membership units of Dynasty to Defendant Scott Spivey in exchange for $5,000 based on Spivey's representations that he could help Plaintiff resolve various issues at Dynasty and ultimately facilitate the sale of a controlling interest in the company on terms favorable to Plaintiff.[2] In short, Plaintiff now asserts that he is the rightful owner of Dynasty because he duly repurchased its membership units pursuant to a buy-back provision in the UPA after Spivey failed to make the $5,000 payment, and that neither Spivey nor the entity to which he purportedly sold the membership units, Defendant HGI Global, Inc., has any valid ownership interest in the company.[3]

---

[1] *See* ECF No. 1 at 6–11. Pinpoint citations to documents in the record refer to the electronic page numbers generated by CM/ECF.
[2] *See id.* at 7–9.
[3] *See id.* at 9–17.

Plaintiff filed his complaint in state court, raising claims for declaratory relief, recission, attorney malpractice, injunctive relief, and fraud.[4] Defendants removed the action to this Court and subsequently filed a motion to transfer venue, arguing that the UPA required the United States District Court for the Eastern District of Louisiana to be the forum for the dispute.[5] Plaintiff opposed the motion, contending that the UPA's forum-selection clause was not exclusive, did not fully encompass the dispute before the Court, and was induced by fraud.[6] Absent a binding forum-selection clause, Plaintiff argued, this Court was the appropriate venue.[7]

Defendants' motion to transfer was referred to Magistrate Judge Paul Kohler, who issued a Report and Recommendation on May 13, 2025.[8] Judge Kohler concluded that the UPA's forum-selection clause was mandatory, governed all Plaintiff's claims, and was not the specific subject of any alleged fraud.[9] Even so, because the forum-selection clause designated Jefferson Parish, Louisiana, i.e., a state forum, for this dispute, Judge Kohler recommended that the case be dismissed without prejudice based on the doctrine of *forum non conveniens* for further proceedings in state court instead of being transferred to another federal court.[10]

The Report and Recommendation notified the parties of their right to object within 14 days of service and stated that failure to object may constitute a waiver of objections upon subsequent review.[11] The 14-day deadline has lapsed, and no objections have been filed. Accordingly, the Court will adopt the Report and Recommendation because its analysis and conclusions are sound

---

[4] *Id.* at 6, 11–13, 15–16.
[5] *See id.* at 1; ECF No. 16 at 1.
[6] ECF No. 17 at 1.
[7] *Id.*
[8] ECF No. 21 at 1, 16.
[9] *Id.* at 6–8, 13–15.
[10] *Id.* at 3–4, 15.
[11] *Id.* at 15.

and no party has objected to it. *See* Fed. R. Civ. P. 72(b), advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Thus, the Court hereby ADOPTS the Report and Recommendation (ECF No. 21). This action is DISMISSED WITHOUT PREJUDICE so that it may be adjudicated in Louisiana state court in Jefferson Parish. Defendants' Motion to Transfer Venue (ECF No. 16) is DENIED AS MOOT.

DATED this 24th day of June 2025.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge